IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01053-REB-KMT

STANLEY E. JONES,

    Plaintiff,

v.

TWO UNKNOWN DOC GUARDS,
a/k/a SGT. T. COOK, and
COWORKER,

    Defendants.

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights. This matter is before the court on Defendant Cook's "Motion to Dismiss" (Doc. No. 21, filed October 15, 2008). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff currently is an inmate at the Limon Correctional Facility ("LCF"). (Prisoner Compl. at 2 [hereinafter "Compl."] [filed May 20, 2008].) Plaintiff names as defendants Sgt. T. Cook, and an unknown coworker, both transportation officers. (*Id.* at 1–2.) Plaintiff states on March 27, 2007, he was transported from

the LCF to a medical prison "for cancer and low oxygen blood count." (*Id.* at 4.) He asserts on April 24, 2007, after one month in the medical prison, he was transported back to the LCF. (*Id.*) Plaintiff alleges he informed Defendant Cook and his coworker that he needed to stay connected to his oxygen tank because he could not breathe without it. (*Id.*) He further alleges that "both guards acknowledged my request and told me that they did not care, then took my oxygen tank and placed me into the transport vehicle." (*Id.*) Plaintiff states he informed the guards that he was experiencing dizziness, headache, muscle pain, and nausea "from suffocating." (*Id.*) He alleges that during the three-hour trip, he "suffered unnecessary and excruciating pain and almost died." (*Id.*) Plaintiff seeks a trial by jury and "any relief that the Court finds appropriate." (*Id.* at 8.)

Defendant Cook moves to dismiss Plaintiff's Complaint on the bases that (1) Defendant is immune from liability in his official capacity; (2) the Complaint fails to state an Eighth Amendment claim; (3) the Complaint fails to state either a Fifth or Fourteenth Amendment claim; and (4) Defendant is entitled to qualified immunity. (Mot. to Dismiss [hereinafter "Mot."] [filed October 15, 2008].)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on May 20, 2008. (Doc. No. 3.) Defendant Cook filed his motion to dismiss on October 15, 2008. (Mot.) Plaintiff filed his response on November 26, 2008. (Pl.'s Resp. to Def.'s Mot. to Dismiss Pursuant to Fed. R. Civil P. 56(f) and Combined Motion for Appointment of Counsel Pursuant to 42 USC 1988 [hereinafter "Resp."].) Defendant did not file a reply. This motion is ripe for review and recommendation.

**STANDARD OF REVIEW**

*1.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.*   *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact

necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

### *1.     Eleventh Amendment Immunity*

To the extent Plaintiff is suing Defendant in his official capacity, Defendant claims he is immune. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). It cannot be disputed that Defendant is a state official. Accordingly, Plaintiff's official capacity claims for damages should be dismissed with prejudice.

### *2.     Eighth Amendment Claim*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). A claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (overruled on other grounds) (citations omitted). "[A] prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Deliberate indifference" does not require a showing of express intent to harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). Rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.* To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff alleges he suffers from cancer and low oxygen levels. (Compl. at 4.) He alleges at the time of the incident, he was being transported from a medical facility where he had been treated for a period of nearly one month. (*Id.*) Defendant concedes that Plaintiff's allegations,

taken as true, satisfy the objective prong of the deliberate indifference claim. (Mot. at 6.) Therefore, the court next analyzes the subjective component.

Plaintiff asserts that Defendant Cook acknowledged his request to stay connected to the oxygen tank but told Plaintiff he did not care and removed him from the oxygen. (Compl. at 4.) In his response to the motion to dismiss, Plaintiff states, "Defendant Cook took the Plaintiff's oxygen tank in spite of the Plaintiff telling Defendant Cook he could not breathe." (Resp. at 4.) (Emphasis in original). The response to Plaintiff's Step 1 Grievance attached to Plaintiff's Complaint states, "Upon checking with DCIS records available for transport staff . . . , it only shows an 'O$_2$ Concentrator' on 'Temporary.'  As reported by medical staff this 'Concentrator' is a device used in your 'cell.'  There is no restriction listed for transports that allows oxygen tank."[1]  (*Id.* at 9.) (Emphasis in original.)  The response to Plaintiff's Step 2 Grievance, also attached to Plaintiff's Complaint, states, "[I]t was not indicated in your medical records that you required oxygen on transport.  If that were the case you wold not have been housed in Cell House 5 at CTCF you would have been in the infirmary."  However, there are no medical records attached to Plaintiff's Complaint suggesting that Plaintiff was to be transported back to CTCF without oxygen and no indication Defendant Cook had been advised that Plaintiff was able to tolerate a three-hour return trip to CTCF without oxygen.  There is no indication, as

---

[1]The court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112.

7

Defendant suggests, that he relied on the diagnosis or advice of the medical professionals. What is alleged is that Defendant Cook, who is not a medical person, took Plaintiff's oxygen away from him. The inference, which must be drawn in Plaintiff's favor at this stage of the proceedings, is that Defendant Cook physically removed oxygen in a tank from Plaintiff and then put him in the transport vehicle. As such, this court finds Plaintiff has alleged enough factual matter, taken as true, to make his claim to relief plausible on its face. Accordingly, Defendant's motion to dismiss Plaintiff's Eighth Amendment claim is properly denied.

### *2.      Fourteenth Amendment Claim*

To the extent Plaintiff asserts violation of his constitutional rights under the Fifth and Fourteenth Amendments, Defendants argue Plaintiff has failed to state a claim. (Mot. at 7–9.) Because defendants' conduct is constrained by an explicit textual source of constitutional protection—namely, the Eighth Amendment's prohibition against cruel and unusual punishment—that Amendment and not the more generalized notion of 'substantive due process,' must be the guide." *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1494 (10th Cir. 1990). Whether Plaintiff's claims are evaluated under the Eighth or Fourteenth Amendments, the standards for analysis to be applied are the same. *See e.g., Thompson v. Hamilton*, 127 F.3d 1109, 1997 WL 639320 (10th Cir. 1997).

To the extent Plaintiff may have intended to state a procedural due process claim in addition to or in lieu of a substantive due process claim, that claim fails for absence of the essential elements. *See generally Sandin v. Conner*, 515 U.S. 472, 483–84 (1995); *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564,

569 (1972).  Plaintiff has failed to allege that a recognized liberty or property interest has been interfered with by the defendants and that the procedures attendant to that deprivation were not constitutionally sufficient.  *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  Plaintiff's equal protection claim also fails for failure to allege facts establishing the essential elements.  *See generally Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996).  Plaintiff fails to allege any facts suggesting that he is a member of a suspect classification, that he was treated differently from other similarly-situated prisoners, or that defendants' acts did not serve a legitimate penological purpose, as is essential to state a claim under the Equal Protection Clause of the Fourteenth Amendment.  Taking all well-pleaded facts in the complaint and its attachments as true, Plaintiff has failed to present a plausible right to relief under these amendments.  Accordingly, Plaintiff's claims under the Fifth and Fourteenth Amendments are properly dismissed.

### 3. *Qualified Immunity*

Defendant also asserts he is entitled to qualified immunity.  As the court has recommended dismissal of the Fifth and Fourteenth Amendment claims, it addresses qualified immunity as to only the Eighth Amendment claim.  Qualified immunity safeguards government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The purpose of qualified immunity is to avoid excessive disruption of governmental functions and to dispose of frivolous

claims in the early stages of litigation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It protects all but the plainly incompetent or those who knowingly violate the law. *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (internal quotations and citations omitted). It is an immunity from suit rather than a mere defense to liability. *Saucier*, 533 U.S. at 200–01 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Consequently, the Supreme Court has explained that courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Siegert v. Gilley*, 500 U.S. 226, 23 (1991); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009). Under *Saucier v. Katz*, a court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to make out a constitutional or statutory violation. *Saucier*, 533 U.S. at 201. Under *Saucier*, a court must address and resolve this first question before proceeding to the second sequential step of the analysis, a determination of whether the claimed constitutional or statutory right was established clearly at the time of the alleged violation. *Id.* In *Pearson*, the Supreme Court held that the sequential two step analysis mandated in *Saucier* should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at

hand. *Pearson*, 129 S. Ct. at 821. The Supreme Court noted, however, that the sequence set forth in Saucier often is the appropriate analytical sequence. *Id.* This court concludes that the two step analysis of *Saucier*, although no longer required, is the appropriate analysis.

The court has found that Plaintiff has alleged facts which show that the defendant violated a clearly established constitutional right with respect to his Eighth Amendment claim. Plaintiff must next show that the violated right was "clearly established" at the time of the conduct. *Saucier*, 533 U.S. at 201. For a law to be clearly established, "there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the plaintiff maintains." *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006) (citations omitted). The court notes well-established law that '[p]rison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citing *Estelle*, 429 U.S. at 104-06 (1976)). A reasonable official would have known that refusal to provide oxygen for an inmate with a serious medical need would violate that inmate's rights under the Eighth Amendment. Accordingly, Defendant's motion to dismiss on qualified immunity grounds, given the standard of review applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied as to Plaintiff's Eighth Amendment claim.

### 4.     *Plaintiff's Motion for Appointment of Counsel*

Plaintiff also requests that the court appoint counsel to represent him in this matter. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights

case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. This court does, however, have broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, the court consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Here, Plaintiff adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince the court that the plaintiff's chances of succeeding on the merits are strong. Consequently, the motion for appointment of counsel is denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendant Cook's "Motion to Dismiss" (Doc. No. 21) be **GRANTED in part and DENIED in part** as follows:

1. Defendant's motion to dismiss Plaintiff's official capacity claims with prejudice should be GRANTED;

2. Defendant's motion to dismiss Plaintiff's Eighth Amendment claim should be DENIED; and

3. Defendant's motion to dismiss Plaintiff's Fifth and Fourteenth Amendment claims should be GRANTED.

Additionally, the court **ORDERS** that the motion for appointment of counsel is **DENIED**.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 1st day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge